UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                             **Hon. Hugh B. Scott**

               v.

                                             10CR320A

                                             **Order**

PEDRO GARCIA,
                Defendant.

This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. 636 (b)(1)(A) and, pursuant to 28 U.S.C. 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. 636(b)(1)(A) (text Order, Oct. 29, 2010, amending Docket No. 2).

The instant matter before the court is defendant's omnibus motion (Docket No. 159) which seeks the following relief: inspection of Grand Jury minutes; filing of a Bill of Particulars; discovery; production of Brady/Giglio material; production of Jencks Act material; identity of informants.

The Government has filed responding papers (Docket No. 161), wherein the Government seeks reciprocal discovery (id. at 37) and oral argument was heard on December 19, 2011, and this matter was submitted.

**BACKGROUND**

Defendant is charged in a single count Indictment of an unlawful conspiracy to possess heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (Docket No. 1, Indict.).

**DISCUSSION**

I.    Grand Jury Minutes

Defendant first moves to inspect the Grand Jury minutes and to move to dismiss the Indictment under New York Criminal Procedure Law § 210.36 arguing that the Grand Jury proceedings failed to comply with New York Criminal Procedure Law article 190 (Docket No. 159, Def. Atty. Affirm. ¶¶ 4, 5-17; cf. Docket No. 161, Gov't Response at 2, 4). This is a federal prosecution, however, governed by federal law and procedures. Grand Jury proceedings are presumed lawful and regular, Hamlin v. United States, 418 U.S. 87, 139 n.23 (1974); United States v. R Enterp., Inc., 498 U.S. 292 (1991) (id. at 2-3). Federal Rule of Criminal Procedure 6(e)(2) precludes disclosure of Grand Jury proceedings save in narrow exceptional circumstances not applicable here (id. at 3). The Court may authorize this disclosure "at a time, in a manner, and subject to any other conditions that it directs," Fed. R. Cr. P. 6(e)(2). Defendant has to show that they have a particularized need for disclosure that outweighs the Government's interest in maintaining Grand Jury secrecy, United States v. Alexander, 860 F.2d 508, 513 (2d Cir. 1988); see United States v. Twersky, No. S2 92 Cr. 1082, 1994 U.S. Dist. LEXIS 8744, at *14-16 (S.D.N.Y. June 29, 1994) (granting in camera review of Grand Jury minutes and reserving decision on motion to dismiss Indictment). A defendant must state a particularized need for these transcripts "in order to present a vigorous defense" which outweighs the principle of Grand Jury secrecy, Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959). There are occasions "when the trial judge may in the exercise of his discretion order the minutes of a grand jury witness produced for use on his cross-examination at trial. Certainly 'disclosure is wholly proper where the ends of justice require it,'" Pittsburgh Plate Glass, supra, 360 U.S. at

400 (quoting United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 234 (1940)). The burden is upon the defendant to show a particularized need exists that outweighs the policy of Grand Jury secrecy, id. Particularized need includes impeachment of witness at trial, refresh recollection, and testing witness credibility, United States v. Proctor & Gamble Co., 356 U.S. 677, 683 (1958). "A review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct," Torres, supra, 901 F.2d at 233, and (even if disclosed) "as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants," Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988); Torres, supra, 901 F.2d at 233.

As was held in the Pittsburgh Plate Glass case, supra, 360 U.S. at 400, defendant here has not shown Government misconduct or particularized need to warrant inspection of the Grand Jury minutes (id. at 3-4); defendant's motion to inspect is **denied**.

II.  Bill of Particulars

Defendant next seeks a Bill of Particulars, namely the quantity of heroin base allegedly in his possession, the place where possessed, and whether possession is alleged to be actual or constructive (Docket No. 159, Def. Atty. Affirm. ¶19).

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. United States v. Torres, 901 F.2d 205 (2d Cir. 1990). The Government is not obligated to "preview its case or expose its legal theory," United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977); nor must it

disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967).

Upon review of the Indictment, this Court finds that defendant is **not entitled** to a Bill of Particulars inasmuch as the defendant is sufficiently advised of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendant from double jeopardy.

III.   Discovery

Defendant next seeks various items of pretrial discovery. While acknowledging that he received discoverable items through voluntary discovery (Docket No. 159, Def. Atty. Affirm. ¶ 21), defendant still seeks additional material. The Government responds generally that it has complied with (and will comply with) its discovery obligations and defendant's motion should be denied (Docket No. 161, Gov't Response at 2, 12).

Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

Pursuant to Rule 16(a)(1)(C), defendant also seeks production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of the Government (Docket No. 159, Def. Atty. Aff. ¶¶ 55-56, 46-47, 48-52). Defendant identifies several specific categories of items which he seeks to be produced.

4

Pursuant to Rule 16(a)(1)(A), defendant seeks any written or oral statements made by him which are within the possession custody or control of the Government, or which through the exercise of due diligence, may become known to the Government (Docket No. 159, Def. Atty. Affirm. ¶¶ 22, 23) .

Rule 16(a)(1)(A) provides that, upon request, the Government must disclose any written or recorded statements made by a defendant, before or after arrest, in response to interrogation by any person known to the defendant to be a Government agent; and recorded testimony of the defendant before the Grand Jury which relates to the offense charged.[1]  Failure of the Government to disclose a defendant's statements to a government agent may rise to the level of constitutional due process violation, Clewis v. Texas 386 U.S. 707 (1967).

In this case, the Government has represented that it believes that it has already disclosed all statements made by defendant (Docket No. 161, Gov't Response at 15).  To the extent that the Government has not yet done so, pursuant to Rule 16 (a)(1)(A) the Government is hereby **directed to produce** all such statements made by defendant.

Defendant also seeks co-conspirators' statements (Docket No. 159, Def. Atty. Affirm. ¶¶ 25-27).  This request is **denied**.  It is well established that the statements of co-conspirators are not discoverable under Rule 16(a).  In re United States, 834 F.2d 283, 286 (2d Cir. 1987); United States v. Percevault, 490 F.2d. 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631, 638 (W.D.N.Y. 1992) (Heckman, Mag. J.).  The Jencks Act provides the exclusive procedure for discovering statements that Government witnesses have given to law enforcement

---

[1] Rule 16 (a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by Government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500, the Jencks Act.

5

agencies. United States v. Covello, 410 F.2d 536, 543 (2d Cir.), cert. denied, 396 U.S. 879 (1969).

Defendant seeks disclosure of the identification procedure used to identify him, seeking disclosure of any visual or audio identification procedures utilized in this case; specifying the procedure, the participants and the circumstances; any visual or audible representation of a person or voice used for identification purposes (Docket No. 159, Def. Atty. Affirm. ¶ 31).

The Government has and will disclose this information although it does not expect to introduce such evidence at trial (Docket No. 161, Gov't Response at 18). Inasmuch as pretrial identification issues may raise questions of due process under the Fifth and Fourteenth Amendments, with the exception of the identity of any informant or witness, the Government **is directed to provide** defendant with information regarding any visual or audio identification procedures used in this case, see Green, supra, 144 F.R.D. at 639.

Defendant also seeks production of documents (not already produced) from third-parties (such as banks, common carriers, and those who produced materials to the Grand Jury) relating to this Indictment or investigation (Docket No. 159, Def. Atty. Affirm. ¶¶ 43-45). The Government does not address this request. Where the Government has not produced such third party materials (or obtains such materials to supplement its production), the Government **is ordered to produce such materials**.

IV.    Federal Rules of Evidence Materials

    A.    Materials Pursuant to Federal Rules of Evidence 403, 404(b), and 609

Defendant next seeks production of Federal Rules of Evidence 403, 404(b) and 609 materials (Docket No. 151, Def. Atty. Affirm. ¶ 61). He requests disclosure of all evidence of

prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). He also requests disclosure of all evidence of prior bad acts that the Government intends to use for impeachment of the defendant should he testify at trial, pursuant to Rules 608(b) and 609(a).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government has represented that it intends to provide all such material to defendant (Docket No. 161, Gov't Response at 20, 21). The Government will disclose evidence that falls within Rule 404(b), 607, 608, 609 (id. at 21-22). This **is sufficient** in this case.

      B.      Expert Materials Pursuant to Federal Rules of Evidence 702, 703, 705

Defendant seeks disclosure of the Government's experts (Docket No. 151, Def. Atty. Affirm. ¶ 62). Defendant seeks a list of those experts, the substance of their reports, and a written summary of any expert testimony that the Government intends to use in its direct case (id.). The Government responds that it will produce expert disclosure (Docket No. 161, Gov't Response at 23, 18). This is **deemed sufficient**.

Defendant also seeks scientific reports (Docket No. 151, Def. Atty. Affirm. ¶¶ 29-30). Pursuant to Rule 16(a)(1)(D), the defendant has requested the production of the results of any physical or mental examinations or scientific tests, including but not limited to any such tests regarding the cocaine or firearms referenced in the indictment. The Government has responded that it will produce such reports (Docket No. 161, Gov't Response at 18). This also **is satisfactory**.

V.	Brady and Giglio Material

Defendant has requested that the Government disclose all materials potentially favorable to him, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 105 (1979), and their progeny (Docket No. 159, Def. Atty. Affirm. ¶¶ 63-72). Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness," United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

Defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government's written response is that it has complied with its obligations under Brady but notes that discovery here is more limited that defendant believes (Docket No. 161, Gov't Response at 30-31).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

VI.     Jencks Act Material

Defendant seeks immediate disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500, not less than 48 hours before trial (Docket No. 159, Def. Atty. Affirm. ¶ 73). The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses. Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial. In this case, the Government has agreed to disclose this information at the time set by the Court (Docket No. 161, Gov't Response at 33). Defendant has not established that prior disclosure of Jencks material is essential to the preparation of a defense in this case. Thus, the Government **is to produce as set forth in the schedule from the final Pretrial Order of the District Court**.

VII.    Identity of Informants

Defendant seeks the pre-trial disclosure of the identity of any informants in this case (Docket No. 159, Def. Atty. Affirm. ¶¶ 78-80). The Government is not required to furnish the identities of informants unless it is essential to the defense. <u>Roviaro v. United States</u>, 353 U.S. 52, 60-61 (1957); <u>United States v. Saa</u>, 859 F.2d 1067, 1073 (2d Cir.), <u>cert. denied</u>, 489 U.S. 1089 (1988). Nor does Rule 16 require the government to disclose the names of witnesses prior to trial. <u>United States v. Bejasa</u>, 904 F.2d 137, 139 (2d. Cir.), <u>cert. denied</u>, 498 U.S. 921 (1990). Moreover, the Government has stated that it believes that disclosure of the informant's identification would subject the informant to personal danger from retribution by the defendant and others.

Defendant has not established that the pre-trial disclosure of the identities of any informants is essential to his defense. This request is **denied**.

VIII. Wiretap Materials

Defendant next seeks production of summaries, logs, and Title III wiretap applications (Docket No. 159, Def. Atty. Affirm. ¶¶ 38-40, 41-42). The Government contends that it provided or made available these materials (Docket No. 161, Gov't Response at 13). This production **is sufficient**.

IX. Government's Reciprocal Discovery Motion

In response to the defense motion, the Government cross-moves for reciprocal discovery from defendants (Docket No. 161, Gov't Response at 37), without any apparent objection by any defendant. Under Rule 16, the Government is entitled to production of documents in a defendant's possession that the defendant intends to use in his case-in-chief. Defendant is reminded of his or her obligations under Rule 16 to produce pursuant to the Government's notice for discovery, therefore, the Government's motion (Docket No. 161, Gov't Response at 37) is **granted**.

## CONCLUSION

For the reasons stated above, defendant's motion for omnibus discovery relief (Docket No. 159) is **granted in part, denied in part**, as discussed above. The Government's reciprocal motion for discovery (Docket No. 161, Gov't Response at 37) is **granted**.

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
January 25, 2012